TOLEDO BAR ASSOCIATION *v.* BRIDGEFORTH.

[Cite as Toledo Bar Assn. *v.* Bridgeforth (1990), 53 Ohio St. 3d 93.]

(No. D.D. 88-16—Submitted May 16, 1990—Decided August 8, 1990.)

*Peter L. Moran* and *Frank E. Kane,* for relator.

*Per Curiam.* In *Toledo Bar Assn.* v. *Bridgeforth* (1988), 40 Ohio St. 3d 2, 531 N.E. 2d 317, we ordered that respondent, Henry C. Bridgeforth, Jr., be suspended from the practice of law in Ohio for one year due to his having violated certain Disciplinary Rules. However, because respondent's misconduct had not caused prejudice to a client and he appeared genuinely committed to seeking treatment for the substance abuse problems that were largely responsible for it, we suspended this sanction, and placed respondent on a one-year probation period. The suspension was stayed on the condition that respondent do the following while on probation:

"(1) Submit to periodic chemical testing,

"(2) abstain from using cocaine and other illegal drugs,

"(3) attend self-help meetings,

"(4) cooperate with * * * [monitoring procedures],

"(5) adhere to the Code of Professional Responsibility,

"(6) return * * * [his client's entire fee], and

"(7) pay * * * costs * * *." *Id.* at 3, 531 N.E. 2d at 318.

Relator, the Toledo Bar Association, supervised the terms and conditions of respondent's probation. See Gov. Bar R. V(23)(a)(i). On September 19, 1989, however, relator filed a petition to revoke respondent's probation on the authority of Gov. Bar R.

V(23)(e). Respondent did not respond to the petition as required by Gov. Bar R. V(23)(f), and relator filed a motion for default under Gov. Bar R. V(23)(g)(ii).

Pursuant to Gov. Bar R. V(23)(g) through (i), the matter came before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court. It recommended that the motion for default be sustained, that respondent's probation be revoked, and that the one-year suspension be reinstated. We agree with the panel's recommendation.

The record before the panel contains copies of two letters in support of the motion for default. The first letter, dated August 1, 1989, indicates that respondent was discharged from a substance abuse treatment program because he refused to submit to urinalysis and he failed to verify his attendance at Alcoholics Anonymous and Narcotics Anonymous meetings. The second letter, dated October 9, 1989, was written by respondent. In it, he essentially apologized for being unable to win his "seesaw battle with * * * [his] addiction." These letters permit the conclusion that respondent has not complied with the first and third conditions imposed on his probation.

Accordingly, we find it necessary to reinstate the sanction originally imposed in this case. Respondent is therefore ordered suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.